Presentment Date and Time: August 14th, 2013 at 11:00 a.m.
Objection Deadline: August 14th, 2013 at 10:00 am

**Dahiya Law Offices LLC**
**75 Maiden Lane Suite 506**
**New York New York  10038**
**Tel: 212 766 8000**
**Fax: 212 766 8001**

**Karamvir Dahiya, Esq.**
**Counsel for the debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X Case No. 12-23645
IN RE:
    JOSEPH AJALA
    ABIGAIL AJALA

               Debtors
---------------------------------------------------------X

**AMENDED NOTICE OF PRESENTMENT OF ORDER WITH RESPECT TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER CONVERTING THE CHAPTER 7 CASE TO 13.**

PLEASE TAKE NOTICE that Joseph Ajala and Abigail Ajala (debtors), upon the annexed motion (the "Motion") will present to the Honorable Robert D. Drain United States Bankruptcy Judge, for approval and signature at the court of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), located at 300 Quarropas Street White Plains, NY 10601-4140 on August 14th, 2013 at 11:00 a.m. (prevailing Eastern Time) an Order annexed to the Motion converting the case to one under Chapter 13 (the "Proposed Order").

The deadline to file any objections and responses to the Proposed Order is August 14th, 2013, at 10:00 a.m. (prevailing Eastern Time) (the "Objection

Deadline"). Objections and responses, if any, to the Proposed Order, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York; (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estate or property, and (c) set forth the basis for the objection and the specific grounds therefore. If a written objection is timely served and filed, the Bankruptcy Court may schedule a hearing to consider the Stipulated Order before the Honorable Robert D. Drain, United States Bankruptcy Judge, at 300 Quarropas Street White Plains, NY 10601-4140 Objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 8, 2013
New York, New York

/s/ karamvir dahiya

_____
Karamvir Dahiya, Esq. for the Debtors

NOTICE TO:

FRENKEL & LAMBERT
20 WEST MAIN STREET
BAYSHORE, NY 11706-8326

LEOPOLD & ASSOCIATES, PLLC
80 BUSINESS PARK DRIVE, SUITE 301
ARMONK, NY 10504-1705

SAXON MORTGAGE SERVICE INC.
4708 MERCANTILE DRIVE NORTH
FORTWORTH, TX 76137-3605

MARIANNE T. O'TOOLE
MARIANNE T. O'TOOLE, LLC
22 VALLEY ROAD
KATONAH, NY 10536-2106

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X Case No. 12-23645
IN RE:
    JOSEPH AJALA
    ABIGAIL AJALA

                       Debtors
---------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF REQUESTED CONVERSION**

Joseph Ajala and Abigail Ajala, the debtors herein, through their counsel Karamvir Dahiya, Esq. of the Dahiya Law Offices LLC, affirm as follows:

1. Debtors request conversion of this case to Chapter 13 as they have two properties; they need to address the issues related to acceleration of loan and reinstatement of the mortgages.
2. Debtors sought bankruptcy protection on September 14 2012
3. Debtor received their discharge on December 26, 2012.
4. Debtors applied for loss mitigation and were denied any consideration.
5. Chapter 13 relief is needed to address the pending issues.
6. The debtors make enough to service their right debts.
7. The case was not previously converted from Chapter 11 or 13, hence § 706(a) imposes no conditions on the right of an eligible debtor to convert from Chapter 7 to Chapter 13.  Conversion from Chapter 7 to Chapter 13 is allowed "at any time." An absolute right of voluntary conversion to Chapter 13 is consistent with the policy that individual debtors should have the opportunity to attempt repayment of some or all of their debts. *In re Martin,* 87 B.R. 20 (E.D. La. 1988), *aff'd,* 880 F.2d 857 (5th Cir. 1989). *Accord In re Barnes,* 275 B.R. 889, 894–95 (Bankr. E.D. Cal. 2002) ("The court concludes that a chapter 7 debtor has the unqualified right to convert his petition to chapter 13. . . . There is no such thing as a 'bad faith conversion.'").

8. The debtors wish to retain their properties and they have the financial wherewithal to attend to Chapter 13 needs.

9. The alleged secured creditor Mid-First Bank has refused to provide any loss mitigation benefit to the debtor alleging that the debtors do not qualify under several programs that the creditors considered them for.

10. A Qualified Written Request was sent regarding the loans and security issues, which elicited little response.

11. However, Chapter 7 does not accomplish what the debtors are looking for i.e. retention of their home.

Wherefore, it is submitted that the case be converted to one under Chapter 13.

Dated: July 8th , 2013
New York New York                                            /s/  karamvir Dahiya

                                                     _____
                                                     Karamvir Dahiya, Esq,.